JS 44 (Rev. 06/17)

SLOMSKY

# CIVIL COVER SHEET

19-2156

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DONTE HILL

**(b)** County of Residence of First Listed Plaintiff   PHILADELPHIA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Matthew A. Casey, Esquire/Joshua Van Naarden, Esquire
Ross Feller Casey, LLP, 1650 Market Street, Suite 3450
Philadelphia, PA 19103, (215) 574-2000

## DEFENDANTS
CITY OF PHILADELPHIA, PHILIP NORDO and RONALD DOVE

County of Residence of First Listed Defendant   PHILADELPHIA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
          THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☒ 362 Personal Injury - Medical Malpractice | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 1983

Brief description of cause:
CIVIL RIGHTS VIOLATION - MALICIOUS PROSECUTION; FABRICATIO; DENIAL OF FAIR TRIAL

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE                                 DOCKET NUMBER

DATE: 05/17/2019
SIGNATURE OF ATTORNEY OF RECORD

MAY 17 2019

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**19 2156**

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __1734 OXFORD AVENUE, PHILADELPHIA, PA 19121__

Address of Defendant: __718 ARCH STREET, SUITE 501 SOUTH, PHILADELPHIA, PA 19106__

Place of Accident, Incident or Transaction: __PHILADELPHIA, PA__

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes ☐ No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes ☐ No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes ☐ No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes ☐ No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __05/17/2019__   /s/ Matt Casey   Attorney I.D. # __84443__

*Attorney-at-Law / Pro Se Plaintiff*

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify):* _____

**B. Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    *(Please specify):* _____

---

## ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __MATTHEW A. CASEY__, counsel of record or pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __05/17/2019__   /s/ Matt C   Attorney I.D. # __84443__

*Attorney-at-Law / Pro Se Plaintiff*

MAY 17 2019

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*



# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| **DONTE HILL** : | CIVIL ACTION |
| v. : | NO. 19- 19 2156 |
| **CITY OF PHILADELPHIA, PHILIP NORDO,** : | |
| **and RONALD DOVE** : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See §1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus - Cases brought under 28 U.S.C. §2241 through §2255.  ( )

(b) Social Security - Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration - Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos - Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management - Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management - Cases that do not fall into any one of the other tracks.  ( X )

5/17/2019         _Matt C_               Plaintiff
Date              Attorney-at-Law         Attorney for

215-574-2000      215-574-3080            mcasey@rossfellercasey.com
Telephone         FAX Number              E-Mail Address

MAY 17 2019



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DONTE HILL**<br>1734 Oxford Avenue<br>Philadelphia, PA 19121<br><br>     **Plaintiff,**<br><br>v.<br><br>**CITY OF PHILADELPHIA**<br>718 Arch Street, Suite 501 South<br>Philadelphia, PA 19106<br>  and<br>**PHILIP NORDO (Inmate #27933)**<br>North Hampton County Prison<br>666 Walnut Street<br>Easton, PA 18042<br>  and<br>**RONALD S. DOVE**<br>3521 Nottingham Lane<br>Philadelphia, PA 19114<br><br>     **Defendants.** | Civil Action No. 19-2156<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Donte Hill ("Plaintiff"), by and through his undersigned attorneys, Ross Feller Casey, LLP, states, by way of Complaint against Defendants, as follows:

### SUMMARY OF THE ACTION

1. Plaintiff brings this action against Philip Nordo and Ronald S. Dove, as well as the City of Philadelphia, pursuant to 42 U.S.C. §1983 and supplemental claims under state law to redress permanent, life-altering physical and psychological injuries suffered by Plaintiff. The negligence and deliberate indifference of these Defendants led to Plaintiff's wrongful imprisonment for murder for over three (3) years.

2. Defendant, Philip Nordo ("Defendant Nordo"), a Philadelphia Police Detective, used his power and position to coerce and intimidate his potential victims. Defendant Nordo would groom individuals to submit to his sexually coercive advances by gaining their trust and bestowing favors on them. Defendant Nordo used his position of authority to engage in police misconduct involving interviews of potential witnesses and suspects, including Plaintiff.

3. Defendant, Ronald S. Dove ("Defendant Dove"), a Philadelphia Police Detective, used his power and position to coerce and intimidate his potential victims. Defendant Dove used his position of authority to engage in police misconduct involving interviews of potential witnesses and suspects, including Plaintiff.

4. Defendant Dove's misconduct began with the initial investigation into the shooting death of Raseen Wright on July 11, 2011, and continued until he was fired in November 2013.

5. The misconduct by the PPD continued when Defendant Nordo took over the investigation of Mr. Wright's death, which misconduct led to an Affidavit of probable cause to support a warrant for Plaintiff's arrest, based on tampered eyewitness testimony and fabricated evidence by Defendants, Dove and Nordo.

6. On August 5, 2014, Plaintiff was arrested, detained and confined in prison for murder charges.

7. Plaintiff's counsel conducted an extensive investigation into the irregularities, tampered eyewitness testimony and fabricated evidence against Plaintiff, and petitioned the Court to dismiss his murder charges based on Defendants Nordo and Dove's misconduct on September 15, 2017.

8. On September 26, 2017, the Honorable Steven R. Geroff granted the Prosecution's Motion to *Nolle Prosse*.

9. On September 26, 2017, Plaintiff was finally released from prison. By that time, Plaintiff had been imprisoned for over three (3) years.

10. Defendant, City of Philadelphia ("Defendant City"), had knowledge that Defendants, Nordo and Dove, had engaged in inappropriate and illegal conduct during criminal investigations for years before Plaintiff was subjected to their misconduct.

11. As of 2005, Defendant City was aware of credible complaints that Defendant Nordo had engaged in consistent and pervasive misconduct with suspects and informants. Despite Defendant City's awareness of facts demonstrating this alarming and criminal pattern and practice of behavior, Defendant City failed to train, supervise or discipline Defendant Nordo. Instead, Defendant City allowed Defendant Nordo's conduct to continue unabated and, shockingly, promoted him to serve as a detective in the PPD's most prestigious investigative unit, the Homicide Division.

12. As of 2013, Defendant City was aware of credible complaints that Defendant Dove had engaged in consistent and pervasive misconduct with suspects and informants. Despite Defendant City's awareness of facts demonstrating this alarming and criminal pattern and practice of behavior, Defendant City failed to train, supervise or discipline Defendant Dove. Instead, Defendant City allowed Defendant Dove's conduct to continue unabated.

13. Defendant City's failure to properly ensure that a comprehensive and credible investigation into allegations of misconduct against Defendants, Nordo and Dove, and imposition of appropriate discipline permitted Defendants, Nordo and Dove, to continue their inappropriate and illegal conduct. Defendant City's deliberate indifference to these very credible and concerning allegations emboldened Defendants, Nordo and Dove, over the years to coerce and intimidate witnesses and suspects resulting in the arrest and conviction of innocent men, like Plaintiff. Defendant City was aware that their own investigative body to oversee police misconduct was

ineffective and inadequate at addressing the abuses of power and constitutional violations perpetrated by their own police force.

14. On August 5, 2014, Plaintiff became a victim of Defendants, Nordo and Dove, as a result of Defendant City permitting Defendants, Nordo and Dove, to be integrally involved in investigating homicides, despite their well-known misconduct. Defendants Nordo and Dove's misconduct led to an Affidavit of probable cause to support a warrant for Plaintiff's arrest on charges of murder. The case against Plaintiff was based on tampered eyewitness testimony and fabricated evidence by Defendants, Nordo and Dove.

15. On August 5, 2014, Plaintiff was arrested, detained and confined in prison.

16. After Plaintiff's arrest, his criminal defense counsel conducted an extensive investigation into the propriety of Defendants Nordo and Dove's misconduct, wherein it was discovered that Defendants, Nordo and Dove, tampered with eyewitness testimony and fabricated evidence against Plaintiff, and reached the conclusion that the content of the tampered eyewitness testimony and fabricated evidence was contrary to the known facts of the case, and that Defendants, Nordo and Dove, had a very extensive history of fabricating evidence and coercing statements from witnesses and suspects.

17. Plaintiff brings this action against Defendants, Nordo, Dove and the City, under 42 U.S.C. §1983 for violations of the Fourth and Fourteenth Amendments to the U.S. Constitution, as well as supplemental claims under state law, seeking compensation for extraordinary harms and losses.

## JURISDICTION AND VENUE

18. This Court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. §1983 and 28 U.S.C. §§1331, 1343(a)(3), 1343(a)(4) and 1367(a).

19. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391(a) in that the Defendants are subject to personal jurisdiction within the Eastern District of Pennsylvania and the events that gave rise to this action occurred within the Eastern District of Pennsylvania.

20. The matter in controversy exceeds Seventy-Five Thousand ($75,000) Dollars.

## PARTIES

21. Plaintiff, Donte Hill, age 25 at the time of his arrest on August 5, 2014, is and was, at all times relevant to this Complaint, a resident of Philadelphia, Pennsylvania.

22. Defendant, City of Philadelphia, is a municipality in the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the Philadelphia Police Department ("PPD"), which, at all times relevant to this Complaint, employed Defendants, Nordo and Dove.

23. Defendant Nordo, was at all relevant times employed as a detective with the PPD. He is sued in his individual capacity.

24. Defendant Dove, was at all relevant times employed as a detective with the PPD. He is sued in his individual capacity.

25. At all times relevant to this Complaint, Defendants acted under color of state law.

## OPERATIVE FACTS

26. Paragraphs 1 through 25 are hereby incorporated by reference as if fully set forth at length herein.

27. At least as early as 2005, Defendant City was aware of credible complaints that Defendant Nordo, in his role as a Philadelphia police detective, groomed suspects for future sexual relationships. In grooming these suspects, Defendant Nordo promised leniency or reward money, used threats and coercion, and engaged in sexual assault. Defendant Nordo used his position to cause witnesses to sign false or inaccurate interview statements and confessions. Despite its awareness of these credible complaints, Defendant City failed to supervise, discipline or train Defendant Nordo.

28. Despite numerous credible complaints lodged against Defendant Nordo to the PPD, and then forwarded to the District Attorney's Office, Defendant Nordo was neither charged nor disciplined.

29. Despite these complaints, in 2009, Defendant City promoted Defendant Nordo to the Homicide Unit. In that assignment, Defendant Nordo continued to engage in coercive grooming and assaultive behavior, including fabricating evidence and coercing fabricated statements from witnesses and suspects.

30. As a homicide detective, Defendant Nordo was given access and opportunity, as well as wide latitude, to conduct homicide investigations. Defendant Nordo was then able to continue his misconduct for years, unfettered, as Defendant City failed to institute any oversight or supervision over his conduct. Defendant Nordo's conduct, facilitated by Defendant City's deliberate indifference, led to the wrongful conviction and imprisonment of several men, including Plaintiff.

31. As of 2013, Defendant City was aware of credible complaints that Defendant Dove had engaged in consistent and pervasive misconduct with suspects and informants. Despite Defendant City's awareness of facts demonstrating this alarming and criminal pattern and practice of behavior, Defendant City failed to train, supervise or discipline Defendant Dove.

32. Despite numerous credible complaints lodged against Defendant Dove to the PPD, and then forwarded to the District Attorney's Office, Defendant Dove was neither charged nor disciplined.

33. In November 2013, Detective Dove was fired by the PPD, amid allegations that Defendant Dove had been engaging in police misconduct with potential witnesses and suspects for many years.

34. On January 22, 2015, Defendant Dove was arrested for conspiracy, harboring a fugitive, obstruction of justice and tampering/fabricating evidence regarding the death of Cesar Vera on September 8, 2014. Defendant Dove entered into a negotiated guilty plea - serving thirty (30) days in prison with three (3) years of reporting probation. On July 24, 2017, Defendant Dove began to serve his thirty (30) day prison sentence.

35. In 2017, Defendant Nordo was fired by the PPD, amid allegations that Defendant Nordo had been engaging in police misconduct with potential witnesses and suspects for many years. In February 2019, Defendant Nordo was indicted by a Grand Jury on multiple counts of rape, involuntary deviate sexual intercourse, sexual assault, misconduct, intimidation and theft of city funds.

36. After the Grand Jury indictment, the PPD acknowledged that Defendant Nordo's criminal behavior was as a result of a lack of oversight and proper supervision.

37. In August 2014, Plaintiff became a victim of Defendants Nordo and Dove's misconduct and intimidation.

38. Defendant Dove's misconduct began with the initial investigation into the shooting death of Raseen Wright on July 11, 2011, and continued until he was fired in November 2013.

39. The misconduct by the PPD continued when Defendant Nordo took over the investigation of Mr. Wright's death, which misconduct led to an Affidavit of probable cause to support a warrant for Plaintiff's arrest, based on tampered eyewitness testimony and fabricated evidence by Defendants, Dove and Nordo.

40. On August 5, 2014, Plaintiff was arrested, detained and confined in prison for murder charges.

41. Plaintiff's counsel conducted an extensive investigation into the irregularities, tampered eyewitness testimony and fabricated evidence against Plaintiff, and petitioned the Court to dismiss his murder charges based on Defendants Nordo and Dove's misconduct on September 15, 2017.

42. On September 26, 2017, the Honorable Steven R. Geroff granted the Prosecution's Motion to *Nolle Prosse*.

43. On September 26, 2017, Plaintiff was finally released from prison. By that time, Plaintiff had been imprisoned for over three (3) years.

44. Plaintiff repeatedly and adamantly proclaimed his innocence throughout his detainment.

45. Over the course of those three (3) years in prison, Plaintiff endured countless indignities, physical and mental injuries that are permanent and pervasive. Plaintiff's injuries persist and will continue into the future.

46. The unlawful, intentional, willful, deliberately indifferent and reckless actions and omissions of the Defendants caused Plaintiff to be improperly arrested and imprisoned, and forced to serve over three (3) years in prison for a brutal crime he did not commit.

47. As a direct result of Defendants' conduct and omissions, Plaintiff sustained injuries and damages including loss of freedom for more than three (3) years, loss of his youth, pain and suffering, mental anguish, emotional distress, indignities, degradation, permanent loss of natural psychological development and restrictions on all forms of personal freedom including, but not limited to, diet, sleep personal contact, educational opportunity, vocational opportunity, athletic opportunity, personal fulfillment, sexual activity, family relations, reading, television, movies, travel, enjoyment and freedom of speech and expression.

48. As a direct result of the Defendants' conduct and omissions, Plaintiff sustained economic injuries and damages, including loss of income and loss of career opportunities.

49. Plaintiff maintained his innocence and once Detectives Nordo and Dove's misconduct came to light, he petitioned the Court to dismiss his case. The investigation into Plaintiff's wrongful arrest shed light on the facts surrounding Detectives Nordo and Dove's misconduct of tampering with eyewitness testimony and fabricating evidence against Plaintiff, which led to an Affidavit of probable cause to support a warrant for his arrest.

50. With respect to the murder charges brought against him, Plaintiff proclaimed his innocence, committed no crime, nor was there any evidence linking him to the murder of Mr. Wright, other than the tampered eyewitness testimony and fabricated evidence by Defendants, Nordo and Dove. Other than this illegally obtained testimony and evidence, there was no basis to believe that Plaintiff had violated any federal, state or local law.

51. Defendants, Nordo and Dove, had no legal cause to believe that Plaintiff committed the murder of Mr. Wright.

52. By Defendants Nordo and Dove's misconduct in tampering with eyewitness testimony and fabricating evidence against Plaintiff, Defendants, Nordo and Dove, with malice, caused the unlawful prosecution of Plaintiff.

53. At no time did Defendants, Nordo and Dove, disclose to prosecutors that they had fabricated evidence to support the prosecution of Plaintiff, nor did they disclose to prosecutors that they had tampered with eyewitness testimony.

54. Defendant City, through its deliberate indifference to longstanding practices of PPD officers' inappropriate use of their positions to cause witnesses to sign false or inaccurate interview statements, the ineffective oversight of the Internal Affairs Department, and its failure to respond to years of credible reports of Defendants Nordo and Dove's misconduct, was a moving force in causing the violations of Plaintiff's constitutional rights.

55. At all relevant times, as outlined above, Defendants Nordo and Dove's conduct was in willful, reckless and callous disregard of Plaintiff's rights under federal and state law.

## Count I
## 42 U.S.C. §1983 Claims
## Plaintiff v. Defendants, Nordo and Dove

56. The preceding paragraphs of this Complaint are incorporated as though fully set forth herein.

### **Malicious Prosecution**

57. Defendants, Nordo and Dove, violated Plaintiff's clearly established right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the U.S. Constitution.

58. Defendants Nordo and Dove's knowing, intentional and/or reckless conduct directly and proximately caused the prosecution of Plaintiff on murder charges. Defendants, Nordo and Dove, caused the prosecution without probable cause and they acted with improper motive and purposes.

59. Plaintiff suffered a deprivation of liberty as a result of the prosecution. Plaintiff's arrest on the murder charge of Mr. Wright was vacated and the charges were withdrawn. The criminal proceedings were ultimately resolved in Plaintiff's favor.

### **Deprivation of Liberty without Due Process of Law**

60. Defendants, Nordo and Dove, deprived Plaintiff of his clearly established constitutional right to due process of law and to a fair trial. Defendants, Nordo and Dove, fabricated evidence and engaged in deliberate deception when they tampered with eyewitness testimony and fabricated evidence against Plaintiff in the involvement in the murder of Mr. Wright.

61. Defendants Nordo and Dove's misconduct of tampering with eyewitness testimony and fabricating evidence against Plaintiff, caused the initiation of Plaintiff's arrest. As such, Defendants Nordo and Dove's conduct denied Plaintiff's right to a fair trial and caused his unlawful conviction in violation of the Fourteenth Amendment to the U.S. Constitution.

### Failure to Disclose Exculpatory Evidence

62. Defendants, Nordo and Dove, failed to disclose to prosecutors the nature of the tampered eyewitness testimony and fabricated evidence against Plaintiff.

63. Defendants Nordo and Dove's misconduct violated Plaintiff's clearly established rights under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny and, as such, violated Plaintiff's right to a fair trial under the Fourteenth Amendment to the U.S. Constitution.

### Violation of Plaintiff's Right Against Self-Incrimination

64. Defendants Nordo and Dove's misconduct by tampering with eyewitness testimony and fabricating evidence against Plaintiff led to an Affidavit of probable cause to support a warrant for Plaintiff's arrest.

65. The circumstances of Plaintiff's arrest on August 5, 2014, and detainment and confinement in a prison, was based solely on Defendants Nordo and Dove's misconduct by tampering with eyewitness testimony and fabricating evidence against Plaintiff.

66. Ultimately, Plaintiff petitioned the Court to dismiss his murder case based on Defendants Nordo and Dove's misconduct.

67. On September 26, 2017, Plaintiff was finally released from prison. By that time, Plaintiff had been imprisoned for over three (3) years.

68. As a direct and proximate result of Defendants' actions, Plaintiff was wrongly prosecuted, detained and incarcerated for over three (3) years and sustained other injuries and damages as set for above.

**WHEREFORE**, Plaintiff, Donte Hill, seeks damages against Defendants, jointly and severally, in an amount in excess of $75,000, including costs of suit, interest, attorney's fees, punitive/exemplary damages and such other relief as this Honorable Court deems appropriate.

## Count II
### 42 U.S.C. § 1983 Claims
### Plaintiff v. Defendant, City of Philadelphia

69. The preceding paragraphs of this Complaint are incorporated as though fully set forth herein.

70. Defendant City caused the violation of Plaintiff's constitutional rights. As evidenced by the lengthy history of misconduct involving PPD officers' investigative practices in general, and credible reports of Defendants Nordo and Dove's misconduct in particular, Defendant City, with deliberate indifference, employed a custom, pattern, practice or policy of allowing officers to use their position to cause witnesses to sign false or inaccurate interview statements and/or failed to train, supervise and/or discipline officers who engaged in such conduct. The misuse of their position when interviewing witnesses to which Defendant City was deliberately indifferent included officers:

    (a) Coercing false statements from witnesses;

    (b) Making false statements or reports regarding the information provided by a coerced witness;

    (c) Coercing or threatening witnesses to provide information; and/or

    (d) Fabricating evidence against witnesses/suspects.

**WHEREFORE**, Plaintiff, Donte Hill, seeks damages against Defendants, jointly and severally, in an amount in excess of $75,000, including costs of suit, interest, attorney's fees, punitive/exemplary damages and such other relief as this Honorable Court deems appropriate.

### Count III
### State Law Claim
### Plaintiff v. Defendants, Nordo and Dove

71. The preceding paragraphs of this Complaint are incorporated as though fully set forth herein.

72. Defendants Nordo and Dove's knowing, intentional and/or reckless false statements were the direct and proximate cause of the prosecution of Plaintiff for the murder of Mr. Wright. Defendants, Nordo and Dove, caused the prosecution of Plaintiff without probable cause and they acted with malice or specific intent to injure.

73. Plaintiff suffered a deprivation of liberty as a result of the prosecution. Plaintiff's arrest for the murder of Mr. Wright was vacated and the charges were withdrawn.

**WHEREFORE**, Plaintiff, Donte Hill, seeks damages against Defendants, jointly and severally, in an amount in excess of $75,000, including costs of suit, interest, attorney's fees, punitive/exemplary damages and such other relief as this Honorable Court deems appropriate.

**ROSS FELLER CASEY, LLP**

By: _/s/ Matt C._
Matthew A. Casey, Esquire (Id #84443)
Joshua Van Naarden, Esquire (Id #86740)
One Liberty Place - Suite 3450
1650 Market Street
Philadelphia, PA 19103
Tel: 215-574-2000
*Attorneys for Plaintiff*

Dated: May 17, 2019